UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHILLIP JERGENSON, | |
| Plaintiff, | |
| v. | No. 22 CV 2040 |
| INHALE INTERNATIONAL LIMITED, | Judge Manish S. Shah |
| Defendant. | |

MEMORANDUM OPINION AND ORDER

In April 2022, plaintiff Phillip Jergenson brought this case against 241 defendants including Defendant Inhale International Limited alleging mass counterfeiting of a federally registered trademark, PROTO PIPE. [1].[1] A year into litigation, Jergenson voluntarily dismissed the case against Inhale. [83]. Inhale now seeks attorney's fees pursuant to 15 U.S.C. § 1117(a). [89].

I.   Background

Beginning in 1971, Jergenson sold smoking pipes through Proto Pipe LLC, a California limited liability company. [10] ¶¶ 5–6; [34-3] at 2–4. In 1987, Jergenson sold his pipe-making business. [89-1] at 47. Jergenson assumed control of the proto pipe brand for a second time in 2018. [89-1] at 61–66; [25] at 17. Jergenson applied for trademark registration for the words PROTO PIPE and for a "PP" logo in August

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings.

2018 and April 2019. [34-1] at 2; [34-2]. The registrations were approved in 2019. *See* [10-2].

Allegedly, Inhale used Jergenson's marks to advertise and sell counterfeit items, causing confusion in the market despite knowing that Jergenson owned the trademarks. [10] ¶¶ 17–21, 23. I granted Jergenson's motion for preliminary injunction against Inhale, enjoining it from using Jergenson's trademarks. [65]. I also granted Jergenson's motion to dismiss Inhale's counterclaims. *Id.*

In March 2023, Jergenson brought a motion to compel discovery responses. [78]. Two days after I denied his motion to compel, [82], Jergenson voluntarily dismissed the case against Inhale because the costs of discovery outweighed potential recovery in the case, [83]. Inhale filed this motion for attorney's fees pursuant to 15 U.S.C. § 1117(a), arguing that this case falls under the "exceptional" case standard warranting attorney's fees. [89].

II.   Analysis

   A.   Legal Standard

The Lanham Act permits an award of attorney's fees to the prevailing party in "exceptional cases." 15 U.S.C. §1117(a). When analyzing whether a case is "exceptional" for purposes of awarding attorneys' fees under the Lanham Act, courts consider the substantive strength of a party's litigation position and whether the way the case was litigated was unreasonable. *LHO Chicago River, L.L.C. v. Rosemoor Suites, LLC*, 988 F.3d 962, 967 (7th Cir. 2021) (citing *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)).

While "there is no precise rule or formula" to determine if a case is exceptional, courts can "consider a 'nonexclusive' list of 'factors,' including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Octane Fitness*, 572 U.S. at 554 & n. 6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 & n.19 (1994)). The party requesting fees bears the burden of proving by a preponderance of the evidence that the case is "exceptional" sufficient to warrant an award of attorney's fees. *See id.* at 557–58.

**B.     Strength of Jergenson's Litigating Position**

Inhale argues Jergenson's case was exceptionally weak and objectively unreasonable for three reasons. First, Inhale argues that Jergenson has not produced any evidence that Inhale used the trademark within the United States in violation of the Lanham Act. [89] at 6–7. Inhale argues that Jergenson relied only a product listing published on Alibaba that customers were not actually able to use to complete a purchase. *Id.* at 5–6 (citing [36-4] at 4; [78] at 4). While customers may have not been able to purchase Inhale's product through its listing, Inhales has not provided any evidence that Jergenson did not have a good faith belief that Inhale was offering for sale and selling smoking pipes that infringed on his registered trademark at the time he brought this case.

Second, Inhale argues that Jergenson abandoned his trademark in 1987. *Id.* at 7. In deposition, Jergenson acknowledged that he sold all rights to the trademark in 1987 without any intent to use it again in the future. [89-1] at 58–59. After the new owner was unable to operate the business and ceased of manufacturing and selling

3

the PROTO PIPE branded products, Jergenson started to manufacture and sell the PROTO PIPE branded products and proceeded with the trademark application under the guidance of his trademark counsel. [91] at 9 (citing [89-1] at 64–66). Jergenson argues that when he filed the lawsuit, he owned the PROTO PIPE trademark, which is considered presumptively valid as it is registered with the United States Patent and Trademark Office. *Id.* at 8. While the parties dispute the validity of Jergenson's trademark, that does not make Jergenson's attempt to enforce his trademark rights exceptional.

Third, Inhale argues that Jergenson's registration is invalid due to fraud on the United States Patent and Trademark Office. [89] at 10–11. Inhale argues that Jergenson falsely represented that his proprietorship used the trademark since 1976, and that the product can be used with a variety of herbs. *Id.* Jergenson argues that this accusation is meritless because Inhale failed to prove that Jergenson knowingly made inaccurate or misleading statements. [91] at 8–9 (citing *Illyrian Imp., Inc. v. ADOL Sh.p.k.*, 2022 USPQ2d 292, *39 (TTAB 2022) ("Fraud in procuring … a trademark registration occurs when an applicant … knowingly makes specific false, material representations of fact with the intent of obtaining or maintaining a registration to which it is otherwise not entitled.")).

While Inhale has cited to at least one case that found a "plaintiff's Lanham Act claims were objectively unreasonable, motivated by a competitive play to seize partnership property, and led to self-help actions that are the kind of tactics that courts should deter," based on the record here, I do not find that there was fraud or

4

an improper taking of the trademark as Inhale encourages. *See* [92] at 4 (quoting *VIDIVIXI, LLC. V. Grattan*, 2016 WL 436792, at *4 (S.D.N.Y. 2016)). "Fraud must be shown by clear and convincing evidence in order to provide a basis for either cancellation or damages," and it may be found to exist "only where there is a deliberate attempt to mislead the Patent Office into registering the mark." *Money Store v. Harriscorp Fin.*, Inc., 689 F.2d 666, 670 (7th Cir. 1982) (citations omitted). I previously held that Inhale's accusations of fraud were not enough to state a claim. [65] at 15–16. Inhale has presented no additional evidence of fraud on this motion that shows this case is exceptional.

### C. Jergenson's Litigation Conduct

Inhale also argues that this case is exceptional because of the unreasonable way the case was litigated. [89] at 12. Here, I consider factors such as Jergenson's "motivation" and "the need in particular circumstances to advance considerations of compensation and deterrence." *LHO Chicago River*, 988 F.3d at 969 (quoting *LHO Chicago River v. Perillo*, 942 F.3d 384, 386 (7th Cir. 2019)).

Inhale argues that Jergenson unreasonably pursued this case even though Jergenson knew that the case could only result in low damages. [89] at 12. Jergenson's voluntary dismissal stated that the expense of one deposition, over $10,000, "alone outweigh[ed] any monetary remedy Plaintiff could expect to receive should he prevail in this case." [83] at 2. Inhale argues that Jergenson knew about this early in the case when Jergenson attained records related to Inhale's sales and offers for sale through Alibaba. [89] at 13 (citing [16] ¶ 4). Inhale also argues that Jergenson litigated this case to gain access to Inhale's information, including

5

customer lists, for its sales outside of the United States. *Id.* at 14. When Inhale refused to provide such information, Jergenson moved to compel, which was denied. [82] at 1.

Jergenson argues that he cooperated fully in discovery and prosecuted this case according to the rules. [91] at 11. Jergenson asserts that he had no knowledge of the number of sales at the outset of this matter, or at any time thereafter. *Id.* Jergenson argues that, at the time of filing following an extensive investigation, he had a reasonable basis to conclude that Inhale was offering goods for sale to U.S. purchasers bearing a counterfeit PROTO PIPE mark. *Id.* (citing [91-1] ¶ 7). Because the Lanham Act provides a cause of action against persons offering infringing and counterfeit goods, regardless of any sales, Jergenson asserts he had a good faith basis to involve Inhale in this case and to pursue discovery to verify the contentions in its written responses. *Id.*

I agree with Jergenson. Inhale has presented no evidence that Jergenson was aware that his damages would be so low at the time of filing this litigation and in pursuing discovery. Jergenson has presented evidence that he had a good faith basis to involve Inhale in this case and to pursue discovery. *See* [91-1] ¶ 7. Further, Jergenson quickly dismissed the case after his motion to compel was denied. [83]. Jergenson's litigation conduct is not so exceptional to warrant attorney's fees.

## III. Conclusion

Defendant's motion for attorney's fees, [89], is denied.

ENTER:

Manish S. Shah
United States District Judge

Date: December 27, 2023